## *In re* PETITION OF CODY.

DOWER—INSANE WIFE—IN ABSENCE OF STATUTE COURT WITHOUT AUTHORITY TO AUTHORIZE MORTGAGING OF INSANE WIFE'S IN-CHOATE RIGHT OF DOWER.

> Husband's petition that the court appoint a guardian *ad litem* authorized and empowered by order of the court to join in the execution of a mortgage on behalf of petitioner's wife, who is insane, for the purpose of affecting her inchoate right of dower so that money might be raised to pay taxes past due and another lien and to avoid irreparable loss, was properly denied, there being no statutory authority therefor; 3 Comp. Laws 1915, § 12725 *et seq.*, providing for barring dower of insane wife by sale of the inchoate right, not authorizing mortgaging same.

Appeal from Kent; Brown (William B.), J.    Submitted June 22, 1928.    (Docket No. 149, Calendar No. 33,911.)    Decided July 24, 1928.

Petition by Lewis P. Cody, personally, and as general guardian of Caroline Cody, an insane person, for leave to mortgage the inchoate right of dower of Caroline Cody in certain real estate.    From a decree denying the petition, petitioner appeals.    Affirmed.

*Steketee & Steketee,* for appellant.

*Freeman E. Haskins,* for appellee.

CLARK, J.    Petitioner, Lewis P. Cody, is an owner of valuable real estate in Grand Rapids.    The petition sets forth that to pay taxes past due and in large amount, and to discharge the lien thereof, to satisfy another lien, and to avoid irreparable loss, it is necessary to borrow money and to mortgage the real estate to secure payment of same.    Petitioner's wife, Caroline Cody, has been adjudged insane, and is now confined

in a State hospital.    He makes the petition for himself, and as a duly appointed general guardian, and prays, among other things, that a guardian *ad litem* be appointed, and

"That said special guardian be authorized and empowered and instructed by the order of this court to join in the execution of said mortgage on behalf of the said Caroline Cody and for the purpose of affecting her inchoate right of dower in said premises."

The relief prayed was denied, and petitioner has appealed.

Our statute provides for barring dower of an insane wife by a sale of the inchoate right and for safe keeping and ultimate disposition of the money arising on such sale (3 Comp. Laws 1915, § 12725 *et seq.*), but it does not authorize mortgaging the dower right of such wife.

The applicable rule of law is stated in 19 C. J. p. 526:

"An insane wife cannot release her dower, and except as authorized by statute the dower of an insane wife cannot be divested by the guardian of such wife or by an order of the court."

And in 2 Scribner on Dower (2d Ed.), 303:

"In Massachusetts, Ohio, Missouri, Iowa, Virginia, and Wisconsin, provision is made by law for disincumbering the estate of the husband of the contingent dower interest of his wife, in cases where the latter is *non compos mentis*, and therefore incompetent to act in her own behalf.    But in the absence of legislation of this character, no power is lodged in the courts to divest the dower of an insane wife, nor in any manner to impair her right."

See 3 Pomeroy's Equity Jurisprudence (4th Ed.), § 1311; 5 Pomeroy's Equity Jurisprudence (4th Ed.), § 2111.

It follows that decree is affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER and SHARPE, JJ., concurred.